UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANGELA LUIS, A241 738 630,

    Petitioner,

    v.

JOHN E. RIFE, in his official
capacity as acting Philadelphia
Field Office Director for U.S.
Immigration and Customs
Enforcement, et al.,

    Respondents.

CIVIL ACTION NO. 3:26-cv-00834

(SAPORITO, J.)

## ORDER

On April 1, 2026, the petitioner, appearing through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. In this petition, Angela Luis, a native and citizen of the Dominican Republic, challenges the legality of her detention in the custody of U.S. Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(2)(A). The named respondents to the petition are: John Rife, Acting Director of the ICE Philadelphia Field Office; Todd Lyons, Acting Director of ICE; Kristi Noem, the former United States Secretary of

Homeland Security;[1] and Pamela Bondi, the United States Attorney General.

At the time of filing, Luis was being held in ICE custody at an ICE Enforcement and Removal Operations sub-office, located in York County, Pennsylvania. Thus, Acting Director Rife appears to be her immediate custodian and the sole proper respondent to this petition under Third Circuit precedent. *See* 28 U.S.C. § 2243; *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994). *But see Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (recognizing circuit split and declining to resolve it). The petitioner, however, will not be required to submit an amendment. Instead, the Court will direct service of the petition only upon the proper respondent and the United States Attorney.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.    The Court exercises its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, to apply those rules to this § 2241 petition.

---

[1] At the time when the petition was filed, Noem had already been succeeded by the current Secretary of Homeland Security, Markwayne Mullin, who was sworn in on March 24, 2026. Because the Secretary of Homeland Security is not a proper respondent, we will not substitute Secretary Mullin's name in place of his predecessor.

2.      **COUNSEL FOR THE PETITIONER** shall serve a copy of the petition (Doc. 1) and this Order on the proper respondent, **John Rife, Acting Director of the ICE Philadelphia Field Office**, and on the **United States Attorney**, and promptly thereafter file a certificate of service.

3.      In light of the expedited response time set forth below, **COUNSEL FOR THE PETITIONER** shall also promptly deliver a courtesy copy of the petition (Doc. 1) and this Order to the **United States Attorney** by e-mail, facsimile, or hand delivery;

4.      The Clerk shall note the address of the United States Attorney on the front of the docket sheet of this case, and all documents filed by the parties and by the Court shall be served upon the United States Attorney. *See* R. 4, 28 U.S.C. foll. § 2254.

5.      Within **seven (7) days** after entry of this Order, the respondent shall file an answer, motion, or other response to the allegations of the petition. *See* R. 4, 28 U.S.C. foll. § 2254; R. 5, 28 U.S.C. foll. § 2254.

6.      The petitioner shall, if she so desires, file a reply to the respondent's answer or other pleading within **seven (7) days** after its service. *See* R. 5(e), 28 U.S.C. foll. § 2254.

7.      A determination as to whether the petitioner shall be

produced for a hearing will be held in abeyance pending the filing of the respondent's answer or other pleading.

8.    To the extent the petition requests a temporary restraining order or preliminary injunctive relief,[2] the petitioner has failed to comply with the procedural requirements of Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."), Fed R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."), and Fed. R. Civ. P. 65(b)(1) (requiring specific facts in an affidavit or verified complaint to clearly show immediate and irreparable harm will result before the respondent can be heard in opposition and an attorney's certification of efforts to give notice or why notice should not be required), and thus such request is **DENIED without prejudice**.

Dated: April 2, 2026                         *s/Joseph F. Saporito, Jr.*
                                             JOSEPH F. SAPORITO, JR.
                                             United States District Judge

---

[2] *See, e.g.*, Pet. prayer for relief ¶ 3, Doc. 1.